DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID LEE MOORE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-857

[May 27, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Sherwood Bauer, Jr., Judge; L.T. Case No. 472012CF000400A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

David Lee Moore was adjudicated guilty on charges of aggravated assault with a deadly weapon, aggravated battery on a law enforcement officer with a deadly weapon, possession of contraband, and resisting an officer with violence, and he was sentenced to life imprisonment. He appeals his convictions and sentence, contending that the state improperly introduced evidence of a collateral, uncharged crime. We affirm.

The charged offenses occurred while Moore was incarcerated for other convictions. The state charged Moore with crimes against corrections officers, but did not charge him with crimes against another inmate. At trial, a corrections officer testified—without objection from the defense—that Moore chased another inmate and that the officer then noticed that the inmate was bleeding significantly from his head and neck. On redirect, the officer testified that an exhibit not published to the jury was "a picture of [the] inmate . . . [a]nd his injury." Defense counsel then objected, and now argues on appeal that the court erred in denying his

motion for a mistrial based on this testimony.

"[A] motion for mistrial 'should be granted only when it is necessary to ensure that the defendant receives a fair trial.'" *Goodwin v. State*, 751 So. 2d 537, 547 (Fla. 1999) (quoting *Cole v. State*, 701 So. 2d 845, 853 (Fla. 1997)). The trial court properly denied Moore's motion for a mistrial, as the testimony at issue was not so prejudicial as to deprive defendant of a fair trial, *see id.*, did not become a feature of trial, *cf. Ward v. State*, 59 So. 3d 1220, 1224 (Fla. 4th DCA 2011), and did not reveal any new facts to the jury regarding an uncharged crime. Furthermore, the trial court sustained an objection to the testimony and gave a curative instruction. Accordingly, we affirm.

*Affirmed.*

MAY and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2